[893 NYS2d 617]

In the Matter of JAMES T. HYTNER (Admitted as JAMES THOMAS HYTNER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 26, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In a decision and order on motion of this Court dated April 28, 2009 (2009 NY Slip Op 70751[U]), the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was directed to serve a petition dated February 9, 2009, upon the Special Referee and to file the original with the Court within 20 days after its receipt of a copy of the decision and order on motion. That decision and order on motion further directed the respondent to serve and file an answer to the petition within 20 days after service of the decision and order upon him.

On May 7, 2009, the Grievance Committee personally served the respondent with a copy of the decision and order. Although more than 20 days have elapsed since then, the respondent failed to serve and file an answer as directed by the Court, and has not requested an extension of time within which to comply.

The Grievance Committee now moves to disbar the respondent, based upon his failure to serve and file an answer to the petition within the time frame established by the Court, to deem the charges contained in the petition established, and/or to impose such discipline upon the respondent as the Court deems appropriate under the circumstances.

The petition contains 10 charges of professional misconduct, including failure to cooperate with the Grievance Committee's investigations of five complaints of professional misconduct filed against the respondent.

Inasmuch as the respondent failed to serve and file an answer to the petition, the Grievance Committee asserts that the charges contained in the petition should be deemed established.

Accordingly, the motion of the Grievance Committee is granted, the 10 charges contained in the petition are deemed established, the respondent is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselor-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James T. Hytner, admitted as James Thomas Hytner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, James T. Hytner, admitted as James Thomas Hytner, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, James T. Hytner, admitted as James Thomas Hytner, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, James T. Hytner, admitted as James Thomas Hytner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).